Judge Wood
delivered the opinion of the court:
The, first question for the consideration of the court is the objection to the trust deed, because, at the time of its execution, General Goddard, one of the subscribing witnesses, was a stockholder in the Bank of Zanesville. If this objection is sustainable, the deed is invalid to pass the legal title of the lands intended to be conveyed to the trustee for the security of the bank, and ought not to be received in evidence in support of a legal title in the plaintiff’s lessors. In this action it is the legal title which is to be asoer *511 tained. It prevails over all ^equities, however strong, between the parties. The plaintiffs can not recover without it, and it is not conveyed by any instrument defectively executed. Our statute has prescribed the formalities to be observed in the disposition of real property, and they can not be dispensed with but at the imminent peril of losing our legal rights.
But is not this deed in conformity with the statute? This is admitted, in all respects, excepting that General Goddard was interested in the corporation for whose benefit it was made, when he subscribed it as a witness, and it was executed by Turner. If interested, however small that interest may be, the general rule of law excludes thewitnessfrom giving testimony. Itdistrusts him anddeclares him disqualified. But if it be necessary to sustain this deed, to call this subscribing witness, would the rule which excludes an-interested witness apply? The party whose right it is to object on the ground of interest may waive that objection and the witness is then competent. He may call him himself, and he is competent • because if he testify for himself, who has the right to object? His-evidence is against his own interest, and the more worthy of credence; and if called by the other side, whose claim it is his interest to support, and the objection of interest be waived, the law admits-him to testify.
Ought this grantor, then, Turner, not to be considered as having waived all right to object to the competency of the witness ?
In England, the grantee must prepare the conveyance and present it to the grantor for execution. We know of no such rule here-The grantor prepares his own deed. He calls his witnesses; they are selected by himself. He must then acknowledge its execution,, and not until thus acknowledged, does he part with its possession by a delivery to the granteo. Every act, therefore, is the act of the grantor while the deed remains in his possession, and the first act of the granteo is the acceptance when finally delivered to him. The grantor, then, should not, it appears to us, be permitted to object to a witness selected by himself, and in whose integrity he had reposed confidence, to bear witness to his own acts. But aside from this course of reasoning, is this deed invalid ? The statute, vol. xxxi, 346, sec. 1, requires the deed to be executed “ in the presence of two witnesses, who shall attest such signing and sealing and subscribe their names to such attestation.” Unless *the express provisions of this statute, or its plain inference, lead to the conclusion *512 that the witnesses to a deed must be credible and competent to prove its execution at the time of their attestation, and that such was the intention of the legislature, reluctantly, indeed, would this court adopt such an opinion ? If such be the law, it is time to look around us and ascertain by whom our deeds bear witness. Who ever instituted an inquiry when a witness was called to attest a deed, whether he was competent or incompetent to testify in a court of justice; or whether persons might not subsequently be found who would impeach him for the want of character for truth; whether conviction for crime, or the want of a correct opinion of the providences of God, according to the notions of others, might not exclude him from giving evidence ? Precarious, indeed, are our titles, if such is the principle to be established. For such question will most probably arise as frequently as the action of ejectment shall be resorted to, to establish a legal title. The words of the statute are, “ two witnesses who shall attest such signing and sealing.’’ It is, then, at the time of the execution, that they are to bear witness that the execution of the deed was the voluntary act of the grantor, by subscribing their names to such attestation ; not by proving its execution as competent and credible witnesses, half a century hence, in a court of justice. The plaintiff’s counsel have very properly said that the statute is silent as to the qualities of the witnesses. It neither requires them to be competent to testify, white, credible, disinterested, of proper religious belief, nor innocent of crime; but leaves the grantor at liberty to select such persons as he sees proper. In the case of a will, the statute prescribes that the witnesses shall be credible, and its execution in the presence of any other than credible witnesses would not be a compliance with its requisitions.
The counsel for the plaintiffs have furnished us with the case of Smith v. Chamberlin, 2 N. H. 440. The opinion is given by the chief justice, Richardson, and appears to us fully-to sustain us in-our opinion of the law of this case, as to the validity of the trust-deed. The opinion is founded on a statute of New Hampshire, of February 10, 1791 (1 N. H. Laws, 191), which contains this provision : “ That all deeds or other conveyances of any lands, tenements, or hereditaments, lying in this state, signed and sealed by the party granting the *same, having good and lawful authority thereunto, and signed by two or more witnesses, and acknowledged by such grantor or grantors before a justice of the peace, and recorded at length in the registry of deeds in the county where such lands,” *513 . etc. “ lie, shall be valid to pass the same without any other act or -ceremony in law whatever.” On this section of the statute, the -chief justice says, “In the clause now under consideration, there is nothing which indicates an intention in the legislature to re- . quire that witnesses to a deed should be competent to prove its execution at the time they subscribe it as witnesses. We have been much at a loss to conjecture why two witnesses were in this instance required by the statute. Surely they were not intended to be placed round a grantor for the same reasons they are placed round a testator. The most plausible conjecture is, that it was intended to render the proof of the instrument more certain. If this • were the object, there is good reason to suppose that the word wit- . ness, was, in this instance, used in the simple sense of spectators . of the transaction. A witness competent at the time might in one hour become incompetent; and a witness incompetent at the time might in one hour become competent. All that could be done with this view, by the legislature, was to require that deeds should be • executed in the presence of two or more persons who should put their .names to the deeds as witnesses. It would have been idle to make the validity of the deed depend upon the incompetency of the wit- , nesses, at a time when they could not be wanted to prove the ex- . eeution of the deed.”
The second and only remaining objection to the title of the plaint- ■ iff’s lessors is, that the sale by the trustee was of the whole land in one parcel. We do not see on what principle this sale is invalid. ' The power to sell, it is true, is derived from the trust deed, and •.the authority there conferred must be pursued.
The deed authorizes the sale either together or in lots. The advertisement describes the property and gives notice that it will be ¡sold at a certain time and place to the highest bidder for cash, but does not specify whether it will be sold together or in lots. It would . seem, then, that either mode of disposing of the land at the sale was -entirely within the discretion of the trustee at the time of the sale, .agreeably with the power given by the deed. If there is any substantial ^variance between the advertisement for the sale in .the notice of its terms and conditions as conveyed to the community and those on which the sale was finally completed, we are unable to perceive it; and as Mr. Turner was present when the sale was made and did not express any dissatisfaction, we may naturally «conclude the sale was then supposed to conform to the intentions *514 and wishes of the parties, and at least that he was satisfied there- • with.
Judgment will be entered for the plaintiffs.